IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |  |
|---|---|---|
| ARTHUR BOWERS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | A-13-CV-348-AWA |
| | § | |
| SEARS, ROEBUCK AND CO., | § | |
|     Defendant. | § | |

**ORDER**

Before the Court are Plaintiff's Motion to Quash and Motion for Protective Order (Dkt. No. 23) and Defendant's Opposition (Dkt. No. 24). Generally, Plaintiff Arthur Bowers ("Bowers") contends that the discovery subpoenaed by Defendant Sears, Roebuck and Co. ("Sears") is "invasive, overly broad, and not relevant or reasonably calculated to lead to the discovery of admissible evidence." Dkt. No. 23 at 2. After reviewing the parties' arguments, the Court concludes that Bowers's Motion to Quash (Dkt. No. 23) should be **DENIED**. However, although the information is discoverable, the Court recognizes that personnel-related information from Bowers's previous employers may contain sensitive non-public material. Accordingly, in conjunction with this Order, the Court will also enter a Protective Order in this case, thereby allowing the parties to keep the information private and confidential.

**I. BACKGROUND**

This cases arises from events which occurred throughout the course of Bowers's employment as an Assistant Store Manager with Sears from June 2011 through June 2012. Dkt. No. 1, ¶ 5. Bowers alleges that while he was employed with Sears, he was subject to, and witnessed, pervasive sexual harassment and experienced a hostile work environment resulting from the actions of the Store Operations Manager. *Id.* ¶ 6. On or about March 19, 2012, Bowers states that he contacted

Sears's Human Resources hotline to complain about the sexual harassment. *Id.* ¶ 7. Bowers also purportedly submitted a written complaint, detailing the misconduct. *Id.*

Bowers contends that prior to his complaint, the annual review process at Sears had already started. *Id.* ¶ 8. Bowers received an excellent rating on or about April 5, 2012. *Id.* In the meantime, Bowers's District Manager, who had been handling his sexual harassment complaint, passed away and Bowers's sexual harassment complaint was transferred to a new General Manager. *Id.* On or about May 23, 2012, Bowers allegedly received notification that his performance was now subpar and he was placed on a 90-day Performance Improvement Plan. *Id.* ¶ 9. Bowers states that approximately one month later, prior to the completion of the 90-day period, he was fired. *Id.* Given the timing of his second review and his termination, Bowers charges that Sears has violated Title VII by wrongfully retaliating against him for making complaints about sexual harassment and a hostile work environment. *Id.*

## II. ANALYSIS

In his Motion to Quash and for Protective Order, Bowers objects to Sears's request for personnel-related records from Bowers's employers, both prior to and after his employment with Sears. More specifically, Sears has issued a Notice of Deposition on Written Questions to the custodian of records for the following entities: (1) Wal-Mart Stores, Inc., Bowers's current place of employment; (2) Ross Stores, Inc.; (3) Dollar Tree Stores, Inc.; and (4) Family Dollar Stores. *See* Dkt. No. 23 at 1–2. Although Bowers does not object to discovery regarding payroll and benefit information for any employment held by him from June 2009 through the present, he does contend that any additional personnel-related information would be (1) invasive of his privacy rights; (2) overly broad; and (3) not relevant or reasonably calculated to lead to the discovery of admissible

evidence. *Id.* at 2.  Bowers also charges Sears with conducting a fishing expedition in seeking this discovery.  *Id.*  Relatedly, Bowers also seeks a protective order prohibiting Sears from subpoenaing any documentation from Wal-Mart Stores, Inc., or any place of employment beginning June, 2009, with the exception of:  (1) documents concerning moneys paid to Bowers during this time, and (2) any employment contract or documents reflecting the terms of Bowers's employment.  *Id.* at 3.

In response, Sears argues that the information is relevant to Bowers's claim that Sears's stated reasons for its actions were merely pretext for retaliating against him.  Sears notes that Bowers has a history of filing wrongful termination suits against his employers.  *See* Dkt. No. 24, Exhibit 2.  Furthermore, Sears contends that it has raised the affirmative defense of after-acquired evidence, which can be used to limit economic damages.  *Id.* at 4.  Sears highlights that its discovery has revealed that Bowers may have made misrepresentations on his application for employment with Sears.  *Id.* at 5.  Additionally, Sears submits that Bowers's personnel-related records with his previous employers: (1) will shed light on his credibility; (2) are relevant to any damages assessment in this case; and (3) could demonstrate a pattern of filing frivolous wrongful termination suits against his employers.  *Id.* at 5–7.  Finally, Sears argues that any privacy interest claimed by Bowers is outweighed by Sears's need to discover the information requested.  *Id.* at 7–8.

After evaluating the parties' arguments, the Court agrees that the information sought by Sears is discoverable in this case.  Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  FED. R. CIV. P. 26(b).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  Here, the Court concludes that the information sought by Sears is relevant to the claims made by Bowers.

As an initial matter, by alleging that the stated reasons for his termination were merely a pretext for retaliating against him, Bowers has effectively put his job performance abilities at issue. Moreover, information related to Bowers's earnings is relevant to the determination of potential damages in this case. Although Bowers asserts that he has already produced earnings information from June 2009 through the present, his complaint clearly places no time limits on his damages claim. *See* Dkt. No. 1, ¶ 17. Bowers simply states that he is seeking "actual damages in the form of lost wages and benefits (past and future)." *Id.* Bowers also provides no explanation for why he decided to provide only information from June 2009 until the present. Given that the provisions of Rule 26 "are to be broadly and liberally construed," *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973), the Court is unpersuaded that the discovery sought by Sears in this case should be prohibited, particularly where Bowers's own complaint lacks a time frame.

Additionally, the Court does not view Sears's requests as a "fishing expedition." Rather, Sears has identified specific reasons for seeking personnel-related information from Bowers's previous places of employment. In particular, Sears highlights a discrepancy between Bowers's application for employment with Sears and his interrogatory answers. Although Bowers claims that he voluntarily quit his job at the Dollar Tree Stores, Inc., on his application with Sears, he clearly states in his interrogatory answers that he filed a lawsuit against Dollar Tree for wrongful termination in 2007.[1] *See* Dkt. No. 24, Exhibits 2, 3. Furthermore, Sears has not requested

---

[1] Further discovery, particularly regarding this discrepancy, is also relevant to the extent Sears seeks to assert an affirmative defense of after-acquired evidence. "Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362–63 (1995). Should Bowers have made misrepresentations on his application for employment with Sears, such information would be relevant to any potential remedy sought by

documents from all of Bowers's previous employers. Indeed, Bowers's interrogatory answers indicate that, at the very least, Bowers had worked for Popeye's Chicken at some point in the early 1990s. *See* Dkt. No. 24, Exhibit 2.

Finally, aside from his conclusory assertions, Bowers has failed to provide any explanation for why the sought-after discovery would violate his privacy interests, particularly where he has placed such issues in question. Furthermore, given that the Court will enter a standard protective order allowing the parties to keep his personnel-related records confidential and limit their usage to this litigation, the Court concludes that any privacy interest is outweighed by Sears's need for full disclosure of relevant information.

### III. CONCLUSION

In accordance with the preceding discussion, the Court hereby **DENIES** Arthur Bowers's Motion to Quash and Motion for Protective Order (Dkt. No. 23).

SIGNED this 29th day of August, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

Bowers in this case. *See Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1108–09 (5th Cir. 1995).